**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

| | |
|---|---|
| **FREDERICK ALBANESI,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>) **Case No. 1:18-cv-101**<br>**NORTH AMERICAN COMPANY FOR** )<br>**LIFE AND HEALTH INSURANCE,** )<br>)<br>**Defendant.** )<br>) | |

**STIPULATED PROTECTIVE ORDER**

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties through their respective counsel, subject to the approval of the Court, that pursuant to the Federal Rules of Civil Procedure, the following Protective Order be entered.

**IT IS HEREBY ORDERED THAT:**

1. This Protective Order shall apply to all information, documents, and things subject to discovery in this action which are conveyed by any party or third party witness (hereinafter termed "conveying party") to another party (hereinafter termed "receiving party") in this action, including, without limitation, all portions of transcripts of deposition testimony, exhibits, answers to interrogatories or requests for admission, documents, or things, including any excerpt, index, description, copy, summary or abstract thereof (referred to as "DISCOVERY MATERIALS"). "CONFIDENTIAL MATERIALS" are any DISCOVERY MATERIALS of the conveying party: (a) containing trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business

information; or (b) containing private or confidential personal information; or (c) containing information received in confidence from third parties; or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. It is expressly contemplated and agreed that third party witnesses may invoke all provisions of this Protective Order which are available to a conveying party, and that the parties will treat all CONFIDENTIAL MATERIALS of a third party witness, which information is designated in writing by the conveying party as such, in accordance with the terms of this Protective Order.

2. Subject to the terms set forth below, all information produced by the conveying party shall be used by the parties receiving the information solely for the purposes of preparing for and conducting this action, and the information shall not be used for any other purpose, subject to any subsequent modification or further order by the Court.

3. Each party or third person conveying DISCOVERY MATERIALS shall mark documents and things produced by it and answers to interrogatories and responses to other discovery demands deemed to be CONFIDENTIAL MATERIALS with an appropriate description such as: **"CONFIDENTIAL – SUBJECT TO COURT ORDER"**.

4. Making documents and things available for inspection shall not constitute a waiver by the conveying party of any claim of confidentiality, attorney-client privilege, work-product immunity, or any other right.

5. If questions put to a witness in a pretrial deposition will disclose information constituting CONFIDENTIAL MATERIALS, or the answer to any question requires such

disclosure, or if documents to be used as exhibits during the deposition constitute such materials, then counsel may notify the witness that such documents or material are CONFIDENTIAL MATERIALS subject to this Protective Order, and that the witness is bound by the terms of this Protective Order. Further, if a person other than the witness is present at the deposition who would not otherwise be entitled to review the CONFIDENTIAL MATERIALS, that person must leave the deposition during that portion of the testimony upon request of any of the parties, and such request must be honored absent an order from the Court to the contrary. If a party believes there is just cause under applicable law for prohibiting the witness from reviewing the CONFIDENTIAL MATERIALS, such objection must be asserted during the deposition, and either resolved by the parties consensually, or by seeking assistance telephonically from the Court. If the Court is not available to resolve any such objections, the witness shall not be shown the subject materials, unless and until the Court resolves the dispute. In the event such objection is not sustained by the Court, the party asserting such objection shall be held responsible for the additional attorneys' fees and expenses of the other parties incurred as a result of requiring a resumption of the deposition at a later date. The foregoing procedures and provisions likewise shall apply to objections to the exclusion from the deposition of persons other than the witness. To the extent deposition transcripts and documents reflect or contain CONFIDENTIAL MATERIALS, such shall be available only to the persons entitled to access to CONFIDENTIAL MATERIALS under this Protective Order, to the reporter, to the witness, and to representatives of the conveying party. Testimony and documents may be designated as CONFIDENTIAL MATERIALS not only during the

deposition itself, but also upon written designation served upon all the parties within 30 days of the date that the court reporter makes the transcript available to the parties. The entirety of a deposition and its exhibits shall be treated as CONFIDENTIAL MATERIALS for five business days after the testimony has been given, in order to provide a party the opportunity to designate testimony or documents as confidential on an accelerated basis.

6. The parties recognize that in order to assist in the preparation of their case, the receiving party may desire to use the service of potential testifying experts and/or consultants, whose advice and consultation are being or will be used by such party in connection with the conduct of this litigation. Counsel desiring to disclose CONFIDENTIAL MATERIALS to such experts or consultants shall first obtain a signed undertaking of each such expert or consultant who may require access to CONFIDENTIAL MATERIALS, in the form of Exhibit A attached to this Protective Order (the "Expert Confidentiality Pledge"). CONFIDENTIAL MATERIALS may be shown to an expert or consultant after such expert or consultant signs the Expert Confidentiality Pledge. Any and all signed Expert Confidentiality Pledges shall be maintained by counsel, but need not be produced to opposing counsel absent an order of Court. This provision is designed to permit counsel to use the services of experts and consultants without revealing the identity of those experts or consultants to opposing counsel.

7. CONFIDENTIAL MATERIALS may be disclosed only to the following individuals under the following conditions:

    (a) Counsel of record in this action and in-house counsel and staff for any corporate party;

(b) Outside experts or consultants retained by outside counsel for purposes of this action, subject to the provisions of ¶ 6 of this Protective Order;

(c) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing persons and entities described in ¶ 7(a) or (b):

(d) The Court and court personnel;

(e) Any person who was or is employed by the party who produced the information, document, or thing, or any other person for whom the producing party consents to such disclosure;

(f) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(g) The parties. In the case of parties that are corporations or other business entities, "party" shall mean employees who are called upon to participate in discussions or decisions concerning this lawsuit or the issues raised in this lawsuit, or who may be called upon to provide advice, analysis, or testimony about the subject matter of the material, including in-house legal personnel and their staff.

8. CONFIDENTIAL MATERIALS or copies of such bearing the identification specified in paragraph 3 shall not be made public by counsel or persons entitled access to CONFIDENTIAL MATERIALS under this Protective Order, unless they become a part of the public record of this action other than through conduct in breach of this Protective Order, and shall not be disclosed to anyone other than the Judge, jury, and court staff involved in this litigation, witnesses at trial or deposition, and the persons entitled to access CONFIDENTIAL MATERIALS under this Protective Order. To the extent that it is

necessary to file CONFIDENTIAL MATERIALS with the Court in connection with proceedings in this action, the filing party will follow the Federal Rules of Civil Procedure.

9. CONFIDENTIAL MATERIALS may be used in motion papers, at any motion hearing, in testimony at trial, and may be offered in evidence at trial or at any motion hearing, all subject to ¶ 8 of this Protective Order, and subject to any further order regarding confidentiality as this Court may enter, and may be used to prepare for discovery, to conduct discovery, to prepare for trial, and to support or oppose any motion, all subject to the provisions of this Protective Order. CONFIDENTIAL MATERIALS may also be used at depositions and may be disclosed to a witness who is not a person otherwise entitled to access to CONFIDENTIAL MATERIALS under this Protective Order.

10. The acceptance by a party of materials designated as CONFIDENTIAL MATERIALS shall not constitute an admission or concession or permit an inference that such materials are, in fact, confidential and subject to protections under applicable law. This Protective Order shall not foreclose any of the parties or other persons with standing from moving this Court for an order declaring that materials designated as CONFIDENTIAL MATERIALS are not, in fact, entitled to the protection of this Protective Order. On such motion, the party asserting confidentiality shall have the burden of proving that the material in question is within the scope of protection afforded by the Federal Rules of Civil Procedure and applicable law governing whether, how, and to what extent documents, testimony, and other material are entitled to confidentiality protections.

11. This Protective Order shall not prevent any of the parties or any third party from applying in the Court for relief or a modification of this Protective Order, or from

applying to the Court for further or additional protective orders, or from agreeing between themselves in writing, to modification of this Protective Order. This Protective Order shall not preclude the parties from enforcing their rights against any other party or any third party believed to be violating their rights.

12. In the event that the parties desire to provide access to or disseminate CONFIDENTIAL MATERIALS to any person not otherwise entitled to access under this Protective Order, they may move the Court for an order providing for such access, upon terms to be set by the Court.

13. Nothing in this Protective Order shall require disclosure of material which the conveying party contends is protected from disclosure by the attorney-client privilege or the work-product doctrine or of material the disclosure of which might constitute a breach of an agreement with a third party. This Protective Order shall not preclude any party from moving the Court for an order directing the disclosure of such material.

14. Restrictions and obligations set forth in this Protective Order relating to CONFIDENTIAL MATERIALS and to DISCOVERY MATERIALS shall not apply to any information which: (i) is already public knowledge; (ii) has become public knowledge other than as a result of disclosure by the receiving party or as a result of a violation of this Protective Order; (iii) was already known to the receiving party under conditions such that its use and/or public disclosure by receiving party would not violate some obligation to another; or (iv) has come or shall come into the receiving party's legitimate possession independently of the producing party under conditions such that its use and/or public disclosure by the receiving party would not violate some obligation to another. Such

restrictions and obligations shall not be deemed to prohibit discussions with any person of CONFIDENTIAL MATERIALS if said person already has or obtains legitimate possession of such materials which would independently prohibit such discussion.

15. Pursuant to Section II(F) of this Court's standard Pretrial Order and Case Management Plan, the ultimate disposition of CONFIDENTIAL MATERIALS will be subject to a final order of the Court, upon completion of this litigation.

> Within 60 days of the final termination of this action, each receiving party shall either return all CONFIDENTIAL MATERIALS of the conveying party in its or their possession, custody or control, and copies thereof to counsel for the conveying party, or shall otherwise delete and/or destroy such CONFIDENTIAL MATERIALS, and shall request the deletion and/or destruction of such materials by any consultants or experts who were provided such materials by a party. Notwithstanding the foregoing, outside counsel for the parties to this action may retain CONFIDENTIAL MATERIALS as called for by the then-current records retention procedures of outside counsel's law firm. In such event, outside counsel's continued retention of such materials shall not be imputed to the client, and such material shall not be deemed to be property of the client, shall not be made available to the client, and shall not be deemed to be within the possession or control of the client.
>
> Any conveying party shall have the right to request, no sooner than 60 days and no later than 75 days of the final termination of this action, written certification of compliance with this Protective Order by any receiving party. Such written certification shall be provided within ten business days of the receipt of such a written request.

16. This Protective Order shall survive the final termination of this action, except to the extent that the information in such CONFIDENTIAL MATERIALS is or becomes known to the public through no fault of the receiving party.

**IT IS SO ORDERED.**

Signed: May 10, 2018

Dennis L. Howell
United States Magistrate Judge